Our next case on the call of the docket is agenda number 10, case number 113035, N. Ray Robert C. Thomas. Counsel for the appellant? Good morning. May it please the court, my name is Susan Frederick-Rhodes. I represent the appellant, Jerome Larkin, who is the administrator of the Attorney Registration and Disciplinary Commission. Before I begin, I'd like to correct a citation on page 32 of our petition. On page 32 in the first paragraph, there's a reference to the appendix, exhibit 5, with a page number referencing page 43 of that exhibit, and it should be corrected and it's page 47 to page 48. The administrator's argument is threefold in taking exceptions to the review board's report and recommendation that the disciplinary charges against the respondent be dismissed. The review board erred in finding that the respondent's false statements concerning the manner in which he delivered discovery responses to opposing counsel were not material to the matter that was pending before the bankruptcy court. The review board erred in finding that the administrator failed to prove that the respondent engaged in the unauthorized practice of law before the Seventh Circuit Court of Appeals because the administrator did not present any evidence regarding the respondent's admission status. The review board erred in finding that the administrator had no authority to reopen a closed investigation and to the respondent's unauthorized practice of law after a second complaint was received that he continued to practice law after his suspension by this court. This court is probably wondering why the hearing board found that the respondent's conduct demonstrated a blatant disregard for the rule of law and recommended that he should be suspended for two years while the review board recommended that all of the disciplinary charges against him be dismissed. It's the administrator's position that the hearing board, who heard the evidence, observed the witnesses, made a proper determination, and under the manifest weight of the evidence standard, there was no reason for the review board to reverse those findings. I'd like to address the exceptions that the administrator filed in the reverse order, starting with the issue of Commission Rule 54, then with materiality in the respondent's false statement to the bankruptcy court, and finally the issue of an appropriate sanction for his misconduct. Can I ask a question first? Yes. If the ARDC decides not to pursue a particular complaint of misconduct, must there be additional charges made or new information regarding that particular complaint before the ARDC can reopen? No, Your Honor. We close an investigation for many reasons. There could be an unavailability of evidence. There could be a lack of credibility in the complaining witness. There could be an error on the part of one of the administrator's staff. The administrator reviews over 6,000 complaints against Illinois attorneys each year, and inevitably there may be a mistake in a review of that. The investigation could be closed if it appears that the misconduct was an isolated instance or that the misconduct ceased after the administrator has contacted the respondent, and that is what happened in this case. The investigation was closed when it appeared that the respondent stopped appearing in the DuPage County litigation matter and his clients retained new counsel. Now, in resuming an investigation, again there's many reasons why that could be. There could be new information that's received in that same investigation. There could be reconsideration of the closure. When a complainant points out to the administrator that you made a mistake, you didn't look at the information I sent you in the appropriate way. There could be, it could be resumed after review by the Oversight Committee, which is a committee that's appointed by the Commission to review closed investigations that do not go on to the Inquiry Board. Or, as in this case, there can be a new complaint of similar misconduct that indicates there's a pattern of misconduct that needs to be further investigated. There's precedent for the reopening of a closed investigation under that circumstance. I direct you to this Court's opinion in the Rinella case. That was a situation where the attorney, the ARDC, received a complaint of sexual misconduct between an attorney and his client. It was a he said, she said situation. The investigation was closed at that point. Several months later, another complaint was received by a female client of this attorney. A third complaint was filed. And at that point, we saw a pattern and the first investigation was reopened. And all of those matters went to hearing and eventually before this Court. There's one more question I have. There seemed to be some confusion whether the respondent has ever been admitted to the practice before the Seventh Circuit Court of Appeals. Could you clear up that for me? Well, when this issue was raised for the first time during oral argument before the Review Board, the administrator asked for permission to file a supplemental brief to clarify the information. We obtained a letter from the clerk of the Seventh Circuit stating that a review of their records showed that they looked back to all the way to 1970 and they showed their records showed that the respondent has never been admitted to practice before that court. Now the respondent in his response to that document and to the supplemental brief of the administrator claimed that he had a telephone conversation with the clerk of the Seventh Circuit who assured him that he is a member in good standing of that bar. It's the administrator's position that the written letter from the clerk of the court is evidence that he has not been admitted to practice before that court. Can I just ask a question? The Review Board decision seems to reflect the notion that a misstatement must be material. Do you disagree with that? No, Your Honor. That is the rule. And so how was the misstatement on the certificate of service material, particularly in view of the fact that the date of the mailing was late to begin with? Well, that seems to be the analysis that the Review Board applied to the situation. However, when you look at the decision of the bankruptcy court, the decision of the Seventh Circuit on appeal, and the circumstances in which the misrepresentations were made in the certificate of service, I think that's where you need to focus on was it material or not. His responses to the, his discovery responses were late. And by making the misrepresentation of the service date, he attempted to avoid a sanction. And that's what the Seventh Circuit found. The Seventh Circuit found, and I quote, that the misrepresentations in the certificate of service were so obviously related to his failure to comply with the order. Both of those courts found that it was material, was material to them that he lied. We quoted in our brief the transcript from the bankruptcy court. The first question the bankruptcy court asked the respondent, did you comply by the date that I ordered you to comply? He said no. And the judge said, and then you went on to lie about it. And he said, and I don't use lie, you know, loosely. You lied to this court about what you did. The way that this all occurred was there was a motion for sanctions filed on the issue of his failure to comply by the due date that was ordered by the court. At that hearing on the motion for sanctions, respondents opposing counsel informed the court of the misrepresentations in the certificate of service. And the bankruptcy court asked counsel to amend their motion for sanctions to include that information about the misrepresentations. But counsel, following through on that, you directed us to the bankruptcy court's decision and to the Seventh Circuit's opinion. And their language, very strong language, calculated lie, I think was the expression. And yet you do note in your brief that in the case of In re Owens, this court has found that the findings of another court are not conclusive evidence. That it's ultimately, that the collateral will stop all kinds of ideas, conclusive ideas on this court. That ultimately this court has got to make those decisions of materiality and fact. Isn't that true? Right. And the hearing board made that finding. The hearing board specifically found this is part of the evidence that we've received on this. They also heard the testimony of the respondents opposing counsel. They said, we are not bound by this, but we consider it as part of the evidence that was presented to us. But because the misrepresentation was specifically made to those courts, they were not just reviewing some other court's decision, the appellate court was, but the bankruptcy court itself, it's clear from their decision that it was material to that court. And so we take the position that the review board should not have substituted its own judgment as to what was material when the evidence and the very court to which the misrepresentation was made found it to be material. All right. Let me swing back to Commission Rule 54 because that is an issue that is most important to the administrator's work every day. The majority of the review board found that the charge that respondent continued to practice law in DuPage County after his suspension should never have been brought because the investigation of that conduct had previously been closed by the administrator and the evidence, it was reopened after it came to the administrator's attention that the respondent continued to practice law before the Seventh Circuit. Now, review board member Rolowick filed a dissenting opinion and he found that the majority's construction of Rule 54 was too restrictive and that the administrator should be able to reopen an investigation when, as illustrated by the facts of this case, a pattern of misconduct becomes evident. The language of Rule 54 that the administrator can resume an investigation if circumstances warrant is broad language and there's no language in Rule 54 that limits the circumstances that can warrant the resumption of an investigation. There was no prejudice here to the respondent in the reopening of that investigation. He was notified when the investigation was closed that, pursuant to Rule 54, it could be reopened in the future if circumstances warrant. He was notified when it was reopened and he was notified that it was reopened because we had received a second complaint that he was continuing to practice law after this court's suspension order. Should the administrator's discretionary decision to resume a closed investigation be reviewable? Yes, and it is. It's reviewed by the inquiry board and it's reviewed by the Commission's Oversight Committee. So before a case reaches the hearing board stage and the filing of an investigation has already been reviewed by one or the other of those bodies. Under the construction of Rule 54, by the majority of the review board, this court would only know that the respondent continued to practice law under his suspension in the Seventh Circuit and this court would never know. It would not be in the record that he also practiced law after his suspension in the litigation matter in DuPage County and that is not a The preamble of the Commission rules states the purpose of the rules is to handle disciplinary matters expeditiously in the interest of the courts, the public, the bar, and also the attorney who is the subject of the investigation. Construction of Rule 54 under the review board would serve only one of those interests and that's the interest of the attorney who is under investigation. The administrator's goal is always to move investigations as expeditiously as possible but he needs the ability to reopen a closed investigation when circumstances warrant. That is the discretion that has been given to him by the Commission and especially in a case like this where it is undisputed. There's no dispute here that the respondent continued to practice law after this court suspended him in the Seventh Circuit and in DuPage County. The hearing board found that he violated Rule 5.5A and that finding was not against the manifest weight of the evidence and should be affirmed by this court. Let me talk briefly about the Seventh Circuit practice. The record at the hearing was silent regarding the respondent's admission status in the Seventh Circuit because it was undisputed by the respondent that he had been suspended at the time. The Seventh Circuit issued an order sua sponte indicating that it did not believe that the respondent was authorized to practice law before that court due to this court's suspension order and the respondent never claimed that he was authorized to practice law before the Seventh Circuit. In his affirmative defense to the disciplinary complaint and in his various pre-hearing motions before the hearing board, he always took the position that he did not appear in the Seventh Circuit as an attorney but as the president of his corporation. And under established case precedent, a corporation cannot represent itself in litigation. The respondent could only represent his corporation as an officer even though he's an attorney under well-established case law, both state law and federal law. A corporation cannot represent itself. So as I stated earlier when the issue came up, we obtained information from the Seventh Circuit. We also informed the review board of the Seventh Circuit opinion in the case in the matter of Bagdade which held that an attorney who's been removed from the master role of attorneys in the state of Illinois engages in the unauthorized practice of law when they appear in the Seventh Circuit. We asked this court to take judicial notice of the Seventh Circuit's admission records and also the Seventh Circuit's opinion in the Bagdade case. We asked the review board to do that and they did not refer to those, that information in their findings. Finally, I'd like to talk about the sanction. The administrator asked this court to suspend the respondent for three years and until further order of the court. The hearing board had recommended that he be suspended for two years. The misconduct that occurred in the three counts of this complaint involved serious infractions of an attorney's obligation as an officer of the court. The respondent made misrepresentations to the bankruptcy court in an attempt to avoid sanctions. He ignored this court's suspension order and continued to practice law. His conduct was found by the hearing board to be knowing and intentional. In each instance, evidence was presented at the hearing of the harm that respondent's conduct caused to the administration of justice in those various pending court matters. There were additional court proceedings, increased attorney's fees, and a waste of judicial resources on ancillary matters that had nothing to do with the substance of those cases. There are numerous factors in aggravation. Respondent has prior discipline, although it's not similar to the discipline that occurred in this case. It's similar in the manner that it's all a refusal to submit to regulatory authority. In his prior discipline, his driver's license was revoked. He continued to drive. In this case, this court suspended his license. He continued to practice law. He fails to acknowledge any wrongdoing despite the undisputed evidence of his misconduct. It's obvious that his prior discipline has had no effect on his conduct. In point of fact, he misrepresented to the review board and to this court that he's a member in good standing of the Seventh Circuit Bar when the Seventh Circuit's records show that he's never been admitted to practice before that court. There was no evidence in good character or participation in bar activities or pro bono work. And in the absence of any mitigation, this court's precedents have imposed harsh sanctions for attorneys who continue to practice law in violation of the court's disciplinary order. And we provided a short list in our petition of the numerous cases where this court has imposed sanctions from a two-year suspension to disbarment for attorneys who do not comply with the court's order. When you couple his misconduct and continuing to practice with his misrepresentations in the bankruptcy court, the administrator believes that a harsher sanction than the two years recommended by the hearing board should be imposed. May I have one minute? Quick minute. Why until further order of the court? As observed by the hearing board, respondent appears to be a person who believes that the laws do not apply to him. And he should be required to apply to this court and prove that he will comply with this court's orders in the future before he's allowed to practice law again. Thank you. Thank you. Counsel for the appellee? Good morning to the court, if it pleases the court. Counsel. I'm not counsel for the appellee, I'm the appellee. I know. Thank you. But please state your name for the record. My name is Robert C. Thomas. Could I commence with count one and rather than... I'd like to point out to this court that there were no issues as to whether I was a credible witness at the hearing. The hearing board found that I was credible in all of my statements. Most of my testimony was not contradicted. In fact, almost no questions were asked. On the issue of supposedly lying to the bankruptcy court in a certificate of mailing, the hearing board specifically found that I did in fact comply with my notice and did in fact deliver the documents for copying and mailing on May 7, 2004. That was the crux. And that's the first time we'd ever had a hearing in any court on whether or not the ARDC pled that that was not accurate, that they were delivered on May 11 for copying and delivering. That was found not to be true. Even the hearing board found that the ARDC had not sustained its burden on that issue. So I think that removes that issue. The ARDC has admitted that it didn't consider materiality. It neither pleaded nor did it offer evidence on whether the issue was material. The review board found that it was not material because the documents had not been delivered by April 30, 2004, and the bankruptcy court was going to dismiss the case anyway. But in any event, it is not incumbent upon the respondent to plead and prove materiality or lack of materiality or to plead and prove anything. It's incumbent upon the ARDC to plead and prove materiality or to plead and prove anything. And the review board then, of course, properly dismissed the case. Going to count two. It is undisputed that the respondent did not file an appearance, did not file a notice of appeal, did not appear in the case as an attorney. In fact, you know, appeared in the case pro se. And appeared in the case pro se until January 3, 2005, when the Seventh Circuit called to the attention that there may be a suspension in Illinois and gave the respondent a period of time in which to respond to that which is in compliance with the control of the bar of the Seventh Circuit, Rule 46, that provides that members are given an opportunity to reply and to have a hearing if requested. There's no question that the Seventh Circuit is in control of its own bar, and the case of In re Baghdadi, which counsel for the ARDC cites, so reaffirmed. But in the complaint, there are no allegations by the ARDC that attempted to practice law while suspended in that jurisdiction. And there's no question that the jurisdiction is the Seventh Circuit Court of Appeals. They didn't even plead it, let alone offer it. Were you under the impression, Mr. Thomas, that you could practice law in the federal courts when suspended in the state's court? Is that what you're telling us? No, I was appearing pro se. I was appearing pro se. You said the federal courts are in control of their own bar, and there wasn't an allegation that you're saying it's a separate jurisdiction. I'm just trying to understand your argument. Are you saying that you thought you could practice in the federal court when suspended in the state court? To be perfectly honest with you, Your Honor, I did not give it any thought. I appeared as the owner, president, sole shareholder of the corporation pro se. And that's the second question. Were you under the impression that you could, that a corporation could appear pro se? Yes. That's what you thought you could do at the time? Yes. I had checked the federal rules, and there's nothing in the federal rules that would prohibit that. It wasn't until the Seventh Circuit called attention to a 1985 case, Scandia Downs v. Huroquilt, where the Seventh Circuit had held based on case law, not on rules, that a corporation could not be represented pro se. And until that time, I was not aware of that, and frankly, as the testimony that was taken at the hearing makes clear, neither did anyone else involved in the case. But no, I did not know you could not, and I thought that you could, because I had, as I said, examined the rules and tried to find out. But the review board quite properly took notice of the rules of the Seventh Circuit Court of Appeals, the federal rules of appellate procedure, Rule 46, and ascertained that in fact it is a separate jurisdiction and has its own bar. Then it was incumbent upon the Attorney Registration and Disciplinary Commission to at least plead and prove that respondent was suspended in that jurisdiction. That's the language of the rule. They did not. They neither pled it, nor did they offer any evidence. And so the review board recommended that it be dismissed, and it should be dismissed. Coming finally to Count 3 and Rule 54, it is hard to imagine that the Attorney Registration and Disciplinary Commission needs greater powers than it exercises. It has overwhelming power and authority. We've been in this case almost four and a half years, and it's very difficult. And they have tremendous authority. They have no statute of limitations. They want to be constrained by nothing. They want to be able to change their mind for any reason. Any reason at all. They can close an investigation. They can reopen an investigation. That's abusive. The cases in Ray Howard and in Ray Schwartz, which have been confirmed in this court, set some reasonable limits on what they can and cannot do. And they hold that if you find additional evidence relating to the original case that would change the waiver of prosecution, then in that instance, it would be all right for the ARDC to go ahead. They did not do that in this case. That's excessive. That's just excessive power, and it doesn't protect attorneys. Even attorneys need some protection. The other issue in that count, three is, and it's undisputed, the respondent appeared before Judge Cullet in DuPage County. Judge Cullet called the respondent to the bench and advised him that he had been informed of the suspension order. Respondent advised Judge Cullet that he had filed an appeal and thought that it was stayed. Judge Cullet then permitted respondent to participate in a hearing which was essentially just a continuance. On what basis did you believe that the suspension had been stayed? I'm sorry? On the basis of Rule 366 and 367, filing the notice of appeal, the petition for hearing, rehearing in this court, that was the basis. And very similar to the case of In re Katz, where apparently Mr. Katz advised the court on four different occasions, and the charges against him were dismissed because he did not have any intent to mislead the court or to practice law during a suspension, as neither did respondent in this case. And that's not contradicted in the record. So in spite of all of these statements about honesty, dishonesty, there have been no findings of dishonesty in this case at all. In fact, even the hearing board found the respondent was credible. So there really isn't a case here. If you look through the fluff and you look at these allegations, there's really nothing here to be disciplined for. And the review board did that in a very cogent and incisive analysis and recommended that the entire case be dismissed. And I, if there are no further questions. With respect to count three, it seems like that the review board, the dissenting member of the review board, do you want to comment on that, on how I think he said there was a narrow interpretation taken with respect to reopening the case? Well, that was his position. Because that's the basis of the majority of the review board's determination as to count three, right, that the case should not have been reopened. Yes. Yes, that's correct. So the dissenting member of the review board indicated that that was a narrow reading, and therefore the case could be reopened. And my recollection is it would have recommended a year on count three, right? Yes, that's correct. All right. Do you want to address that? Yes. And I guess address it from the standpoint, if this court agreed with the dissenting member of the review board, you know, what's your take? You know, you want to talk a little further on count three and what, if any, quantum of discipline you thought should be given by this court on count three, if indeed we think it was a valid reopening? Obviously, I don't think any, I don't think that they should have been allowed to reopen, and therefore the dismissal was proper. If you consider, as you, I think, asked me about the dissent and their recommendation, I would think a reprimand, something. There was no intention to mislead anybody or to practice law during a sentencing. As it was pointed out in the brief. No, I don't think so. I think that the majority cited N. Ray Howard and N. Ray Schwartz for the proposition that it has to relate to the same evidence before you can reopen. You just can't reopen willy-nilly. Right, but I'm talking about if the fact that if this court believes it was appropriate to reopen, the only one talking about the merits on the review board would be the dissenting member, right? Who came up with a year suspension based on count three. Well, I guess if that's on, if the suspension is on the merits, but I believe that the dissent referred to count two. Which he also agreed should be dismissed. So how it can form the basis for some pattern, by the way, pattern is another thing that was never alleged in this case, you know. And you have to plead and prove the allegations in a complaint. And you have to plead and prove the cause of action.  So while he did dissent, I would suggest that he was clearly wrong. That the majority was correct. And that there has to be, this court has to impose some limitations on their power. Their power is enormous. And this court is charged with that. And this court, they work for this court in a sense. And I think it's very reasonable to put some restraints on their potential to abuse. If there are no further questions, I would ask this court to affirm the ruling of the review board. Thank you. With regard to Do I have the facts right on that, Ms. Rhodes? Do I have the facts right on that? Didn't dissenting review board member Rolwick indicate that the majority approach as to Rule 54 was too restrictive and went on to say that he believed count three was proven and came up with a year? Do I have that right? Well, I just looked at it. The way that he talked about his recommended sanction doesn't really make it clear. I mean, he says, I would affirm the hearing board's factual findings on that count. I concur in the balance of the majority's opinion. It is my considered opinion that the respondent should be suspended from the practice of law for one year. So it's really not clear that his recommended sanction is geared just to count three. It's possible that he felt that overall there should be a sanction of one year. The allegation that the respondent engaged in the unauthorized practice of law when he appeared in the Seventh Circuit did not appear as an officer of his corporation. And in an unusual move, the administrator's counsel actually cited to case law in the complaint and alleged that he could not do so under the case of Scandia Downs, which the respondent just mentioned to you. So he was aware when the complaint was filed that it was, that was one of the bases on which the administrator charged him with the unauthorized practice of law. And the other one was that he was ineligible to appear in the Seventh Circuit when his Illinois license was suspended and his license to practice law in the Federal District Court was also suspended, which made him ineligible for admission to the Seventh Circuit. There was no reference in the Seventh Circuit's order to him that he respond to them and let them know the status of his Illinois license to Rule 46. The purpose of that order was, did not indicate they were giving him an opportunity to respond as a member of the bar of the Seventh Circuit. All it said was, it appears to us that you've been suspended in Illinois and therefore you cannot appear before us. Please let us know by a date certain what the status of your law license is. And instead of doing that, he went out and hired counsel to represent him. Well, counsel, you're not suggesting that he should not have gotten counsel, are you? No, absolutely not. But he avoided the admissions issue with the Seventh Circuit by retreating at that point. The respondent argued that the administrator wants the authority to reopen investigations for any reasons. And not just any reasons. The rule says, as circumstances warrant. Such as the receipt of continuing complaints of the same type of misconduct for which the first complaint was closed. The rule is not only for the protection of attorneys, but it's also for other purposes of the disciplinary system to protect the public. And that is our main goal. Counsel, on that issue, if a case is closed and you have new allegations, even though the conduct is similar, why don't you just file another complaint? Well, we try to put all the complaints together in one proceeding. For purposes of due process and fairness to a respondent, that we're not going to litigate each individual complaint separately. It just makes for judicial economy to hear them all at the same time. You know, I think I just want to point out that the respondent always has an explanation for why he did things. He continued to practice because he thought wrongly that because he filed a petition for rehearing that Rule 367 applies, when in fact it was Rule 771 applied to his situation. In his prior discipline, he tried to stop the disciplinary hearing from going forward, because he was being charged with violating the law on these drunk driving charges while he drove while he was revoked. He had some pending habeas petitions. And he wrongly believed that Supreme Court Rule 761 stayed any disciplinary action against him at the time, which was not the law. He was wrong in his belief that because this court ordered the administrator to respond to his petition for rehearing, that somehow this court was considering his case again and that the petition for rehearing was going to be granted. He was wrong in his belief that he could represent his corporation in the Seventh Circuit. And as the hearing board observed, he always seeks to rationalize his conduct and he continues to deny any wrongdoing. And that's a serious detriment for an attorney who has an obligation to the courts. He has an obligation to his client to be honest and forthright in the practice of law. This is an attorney whose conduct shows a complete disregard for the authority of this court. He was told that he was suspended. He continued to practice law. For that reason, the administrator believes that a suspension of three years and until further order of this court is the appropriate sanction in this case. Thank you. Case number 113035 N. Ray Roberts C. Thomas and the ARDC is taken under advisement as agenda number 10. Mr. Marshall, Illinois Supreme Court stands adjourned until Tuesday, November 22, 2011, 9 a.m.